**FILED**
**Feb 07, 2019**
**11:40 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| **NICOLE STEEN,** | ) | **Docket No. 2017-08-0815** |
| **Employee,** | ) | |
| **v.** | ) | |
| **IDEXX LABORATORIES, INC.,** | ) | **State File No. 55392-2017** |
| **Employer,** | ) | |
| **And** | ) | |
| **TRAVELERS INDEMNITY CO.,** | ) | **Judge Deana C. Seymour** |
| **Insurance Carrier.** | ) | |

## COMPENSATION HEARING ORDER GRANTING SUMMARY JUDGMENT

This case came before the Court on February 1, 2019, on IDEXX Laboratories, Inc.'s Motion for Summary Judgment. The determinative legal issue is whether summary judgment is appropriate based on the sufficiency of Ms. Steen's evidence of causation, an essential element of her claim. For the following reasons, the Court grants the motion.

### History of Claim

Ms. Steen worked as a lab liaison for IDEXX Laboratories, Inc. (IDEXX). She claimed exposure to formaldehyde, methanol, and mold at work on January 20, 2017, causing nausea, stomach pains, and shortness of breath. IDEXX denied the claim without providing medical care. Ms. Steen received treatment on her own and filed a Petition for Benefit Determination asking the Court to order IDEXX to provide medical treatment and temporary disability benefits.

This Court held an in-person Expedited Hearing and issued an order denying benefits. Specifically, the Court held Ms. Steen failed to present medical proof of a work injury. *See* Tenn. Code Ann. § 50-6-102(14)(A),(C) (2018). In its Expedited Hearing order, the Court set a Scheduling Hearing.

1

Ms. Steen requested time to consult with an ombudsman before agreeing to scheduling order deadlines. The parties later convened, and the Court entered an order setting the deadline for completion of medical proof.

IDEXX filed this Motion for Summary Judgment before reaching the medical proof deadline and argued that Ms. Steen's evidence could not establish an essential element of her claim–medical causation. The Court set the motion for hearing. However, Ms. Steen requested a continuance to obtain Dr. Ronald Michael's medical opinion. The Court agreed and reset the hearing.

After receiving the medical opinion, Ms. Steen filed Dr. Michael's C-32 Standard Form Medical Report. Dr. Michael noted Ms. Steen's pre-existing inflammatory bowel disease and chronic colitis with medication noncompliance. He found no clinical evidence of toxicity causing her "GI symptoms." Ms. Steen provided no other medical opinion.

**Legal Principles and Analysis**

IDEXX shall prevail on its motion for summary judgment if it: "(1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." Tenn. Code Ann. § 20-16-101.

If IDEXX meets this initial burden, the nonmoving party—Ms. Steen—must then establish that the record contains specific facts upon which a trier of fact could base a decision in that party's favor. *See Rye v. Women's Care Ctr. of Memphis*, 477 S.W.3d 235, 265 (Tenn. 2015). When deciding whether Ms. Steen met her burden, "[t]he focus is on the evidence the nonmoving party comes forward with at the summary judgment stage, not on hypothetical evidence that theoretically could be adduced . . . at a future trial." *Payne v. D & D Elec.*, No. E2016-01177-SC-R3-WC, 2017 Tenn. LEXIS 215, at *8 (Tenn. Workers' Comp. Panel Apr. 18, 2017). Further, all evidence must be viewed in a light most favorable to Ms. Steen. *Id.* After making these considerations, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

IDEXX's motion concerns the causal connection between Ms. Steen's work and her injury. To establish this connection, Ms. Steen must show to a reasonable degree of medical certainty that her nausea, stomach pain, and shortness of breath arose primarily out of and in the course and scope of her employment. This requires proof to a reasonable degree of medical certainty that, in the opinion of the physician, it is more likely than not

2

by a preponderance of the evidence that her work contributed more than fifty percent to her injuries, considering all causes. Tenn. Code Ann. § 50-6-102(14)(C); *see also Payne*, 2017 Tenn. LEXIS 215, at *9-10.

Having carefully reviewed and considered the evidence in the light most favorable to Ms. Steen, the Court concludes Ms. Steen did not present expert proof or testimony demonstrating that her symptoms arose primarily out of and in the course and scope of her employment at IDEXX. The Court further finds the medical records contained no medical evidence that Ms. Steen's employment contributed more than fifty percent to her injury, considering all causes.

Thus, IDEXX's Motion for Summary Judgment is granted, and Ms. Steen's claim is dismissed with prejudice. Based upon this ruling, the Compensation Hearing set for April 3, 2019, is **cancelled**.

**IT IS, THEREFORE, ORDERED** as follows:

1. The Court grants IDEXX's motion for summary judgment and dismisses Ms. Steen's claim with prejudice to its refiling.

2. Absent an appeal, this Order shall become final in thirty days.

3. The Court assesses the $150.00 filing fee against IDEXX per Tennessee Compilation Rules and Regulations 0800-02-21-.07, for which execution may issue as necessary.

4. IDEXX shall pay the filing fee to the Court Clerk within five business days of the order becoming final.

5. IDEXX shall file form SD-2 with the Court Clerk within ten business days of this order becoming final.

**IT is so ORDERED.**

ENTERED February 7, 2019.

_____
**JUDGE DEANA C. SEYMOUR**
**Court of Workers' Compensation Claims**

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Order was sent to the following recipients by the following methods of service on February 7, 2019.

| Name | Certified Mail | Fax | Email | Service sent to: |
| --- | --- | --- | --- | --- |
| Nicole Steen, Self-represented Employee | | | X | nicolesteen32@yahoo.com |
| Paul Nicks, Employer's Attorney | | | X | pnicks@travelers.com |

_____

**PENNY SHRUM, CLERK**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

4



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry. *See* Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## COMPENSATION HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

_____

**Employee**

v.

_____

**Employer**

### Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

### Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

### List of Parties

**Appellant (Requesting Party):**_____At Hearing:☐Employer☐Employee

Address:_____

Party's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____  SF#: _____  DOI: _____

**Appellee(s)**
**Appellee (Opposing Party):**_____At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone: _____Email:_____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*Attach an additional sheet for each additional Appellee *

**CERTIFICATE OF SERVICE**

I, _____ , certify that I have forwarded a true and exact copy of this Compensation Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20___.

[Signature of appellant or attorney for appellant]    _____

Attention:  This form should only be used when filing an appeal to the Workers' Compensation Appeals Board.  If you wish to appeal a case to the Tennessee Supreme Court, please utilize the form provided by the Court which can be found on their website at the following address:
http://www.tncourts.gov/sites/default/files/docs/notice_of_appeal_-_civil_or_criminal.pdf



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____    Relationship: _____

_____    Relationship: _____

_____    Relationship: _____

_____    Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | |
|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

LB-1108 (REV 11/15)                                    RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

Groceries        $ _____ per month       Telephone       $ _____ per month

Electricity      $ _____ per month       School Supplies $ _____ per month

Water            $ _____ per month       Clothing        $ _____ per month

Gas              $ _____ per month       Child Care      $ _____ per month

Transportation   $ _____ per month       Child Support   $ _____ per month

Car              $_____ per month

Other            $ _____ per month (describe: _____ )

10. Assets:

Automobile               $ _____        (FMV) _____

Checking/Savings Acct. $ _____

House                    $ _____        (FMV) _____

Other                    $ _____        Describe:_____

11. My debts are:

Amount Owed                    To Whom

_____            _____

_____            _____

_____            _____

_____            _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____